UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS TORRES, | : | |
| | : | CIVIL ACTION NO. 3:16-CV-02230 |
| Plaintiff, | : | |
| | : | (JUDGE CONABOY) |
| v. | : | |
| | : | |
| NANCY A. BERRYHILL, | : | |
| ACTING COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

We consider here Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. (Doc.21). This motion was filed after this Court remanded an Agency decision to deny Social Security disability benefits to the Plaintiff for further consideration. The Court's decision to issue the remand stemmed from the Court's conclusion that the Administrative Law Judge ("ALJ") had not pointed to substantial evidence of record to support her conclusion that the Plaintiff could perform "light work" with various additional limitations. Plaintiff's motion is opposed by the Government on the basis that the Government was substantially justified in litigating the ALJ's conclusion regarding the Plaintiff's work capacity.

The Government argues that this Court "took an unusual step" in remanding this matter for further consideration because the issue of a claimant's residual functional capacity ("RFC") is an administrative decision not a medical one. (See Government Brief at 4). The Government cites numerous cases for the proposition that an RFC determination is administrative in nature and that the ALJ need not base such a determination on a particular medical opinion from a physician. The Court does not dispute the findings in these cases. The Court, however, finds that the Government's position ignores other long established Third Circuit case law and blurs the concepts of medical opinions and medical evidence.

While it is true that an ALJ has the discretion to formulate an RFC determination in the absence of a medical opinion that squarely supports it, the ALJ must base his RFC determination on substantial evidence of record. Substantial evidence is defined as "more than a scintilla" and "such relevant evidence as a reasonable mind might accept as adequate". Plummer v. Appel, 86 F.3d 422,427(3d.Cir.1999) quoting Ventura v. Shalala, 55 F 3d.900, 901 (3d. Cir. 1995). The Government's position in litigating this case was flawed because the record in this case does not contain substantial medical evidence that this claimant could perform "light work" with the additional restrictions imposed by the ALJ.

The Government would have the Court find that the two treating physicians whose findings are critical to the decision (Drs. Cho and Zeliger) provided conflicting opinions regarding Plaintiff's RFC. (See Government Brief at 5). The Court disagrees with this premise. The totality of this record includes: Dr. Cho's progress notes of 31 sessions with the Plaintiff between January 1, 2006 and December 31, 2008; MRI studies of Plaintiff's back performed on March 22, 2006 and September 29, 2006; and Dr. Zeliger's personal observations of Plaintiff from 2011 onward coupled with his review of all Plaintiff's treatment records from 2006 through 2011. Dr. Cho's treatment notes continually noted lumbar and cervical pain, positive straight leg raising test on the right with attendant radiculopathy, and limitation of plaintiff's range of motion in his neck and low back. Dr. Zeliger began treating Plaintiff after Dr. Cho retired and determined, based upon his review of Dr. Cho's treatment notes and diagnostic studies as well as his own MRI study, that Plaintiff "was in fact disabled and unable to work" from January 1, 2006 through December 31, 2008. The fact that Dr. Cho prescribed potent pain medications, muscle relaxants, and numerous trigger point injections for Plaintiff during the relevant time period is supportive of Dr. Zeliger's opinion.

3

The ALJ seized upon one sentence in one treatment note of Dr. Cho, that of May 28, 2008, to the effect that the Plaintiff "should start to look for a job". (R. 655). This isolated statement, which was not repeated on later sessions between May of 2008 and August of 2009 (R. 658-672) is both ambiguous and inconsistent with the vast bulk of Plaintiff's treatment history. It is ambiguous in that it sheds no light on what type of work, if any, Plaintiff might be able to perform on a full-time basis. It is also inconsistent with the rest of Plaintiff's treatment records which repeatedly document Plaintiff's pain and muscle spasms that were of sufficient intensity to require Dr. Cho to repeatedly prescribe Oxycodone, Zanaflex and trigger point injections to alleviate the effects of his herniated lumbar disks and right sided radiculopathy throughout the relevant time period. The ALJ's conclusion that Plaintiff could engage in "light work" on a full time basis was based primarily on a slim and ambiguous shard of evidence that stands in stark contrast to the great bulk of the medical evidence of record. This is simply impermissible. "A single piece of evidence will not satisfy the substantiality test if the Secretary ignores, or fails to resolve, a conflict created by countervailing evidence". Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983). Here, there is conflict not only within Dr. Cho's treatment records, but also with

Dr. Zeliger's clearly expressed opinion. The ALJ's decision did not begin to explain why she discounted the balance of Dr. Cho's progress notes and Dr. Zeliger's opinion that Plaintiff was disabled throughout the relevant time period.[1] These serious infirmities required a remand of this case.

With respect to the Government's suggestion that a previous decision of this Court, Nirka v. Colvin, 2016 WL 3077359, was inconsistent with the decision in this case, the Court did note that a consultative examination was not necessary in Nirka. However, Nirka is distinguishable from this case because the record in Nirka was sufficiently well developed to permit the ALJ in that case to formulate an RFC based upon the requisite substantial evidence of record. Such is not the case here. As this Court noted in Nirka:

> Although the duty to assist the claimant and develop the record is well established, the duty is not unlimited. The requirement does not necessarily come into play where "there was sufficient evidence in the medical records for the ALJ to make her decision". Moody v. Barnhart, 114 FED. Appx. 495, 501 (3d Cir. 2004) (not precedential; see also Griffin v. Commissioner of Social Security, 303 FED. Appx. 886, 890 n.5 (3d Cir. 2009) (not

---

[1] The ALJ appears to have rejected Dr. Zeliger's opinion because: "The record is devoid of any evidence from Dr. Zeliger, including any examination and medical findings, during the period at issue". (R. at 18). Inasmuch as the Agency routinely relies upon reports of consultative physicians derived only from cold medical records of claimants that the Agency doctor has never seen, the Court finds the rationale for rejecting Dr. Zeliger's opinion to be categorically insufficient.

5

> precedential). If the record is inadequate for proper evaluation of the evidence, the ALJ's duty to develop the record is triggered. See e.g. Mayes v. Massanari, 276 F.3d 453,459-60 (9th Cir. 2001).

In Nirka, the record was sufficiently developed to permit the ALJ to reach his RFC conclusion; here our review of this record found the development of the record lacking. Thus, there is no conflict between Nirka and the Court's decision in this case.

Because the Court believes it obvious that the record in this case lacked the relevant degree of substantial evidence, as required by Cotter v. Harris, 642 F.2d 700, 704, (3d. Cir. 1981), to support the ALJ's RFC determination, the court cannot agree that the government's decision to litigate the instant motion was "substantially justified". For that reason, Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act. (Doc.21) will be granted.

By the Court,

/s/ Richard P. Conaboy

RICHARD P. CONABOY
United States District Judge

DATED: October 10th, 2017